# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RONALD MIXON | § | |
| | § | |
| V. | § | A-18-CV-550-LY |
| | § | |
| LORIE DAVIS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules. Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and response to the Court's order to show cause (Document 5). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I. STATEMENT OF THE CASE

**A.    Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 167th Judicial District Court of Travis County, Texas. Petitioner was convicted of credit card abuse and was sentenced to 60 years in prison on January 25, 1990. Petitioner does not challenge his holding conviction. Rather, he argues his previously earned good time credits should have been restored upon his return to prison after his parole was revoked and he should be released from prison.

On November 21, 2017, Petitioner executed a state application for habeas corpus relief challenging his good time credits. The Texas Court of Criminal Appeals dismissed the application

as non-compliant on January 24, 2018. *Ex parte Mixon*, Appl. No. 17,575-13. On February 1, 2018, Petitioner executed a second state application for habeas corpus relief challenging his good time credits. The Texas Court of Criminal Appeals denied the application without written order on May 16, 2018. *Ex parte Mixon*, Appl. No. 17,575-14.

## II. DISCUSSION AND ANALYSIS

### A. Statute of Limitations

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B. Application

Petitioner incorrectly argues the statute of limitations does not apply to his case because his conviction was final before the enactment of the AEDPA. The AEDPA applies to habeas corpus

petitions filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Accordingly, the AEDPA applies to the instant application for habeas corpus relief. Moreover, Petitioner's claims regarding his time credits accrued long after the enactment of the AEDPA.[1] Petitioner was returned to the Texas Department of Criminal Justice - Correctional Institutions Division on December 30, 2015. At that time, he could have discovered through the exercise of due diligence that his good time credits would not be restored. Therefore, Petitioner had until December 30, 2016, to timely file his federal application. Petitioner did not execute his federal application for habeas corpus relief until May 31, 2018, after the limitations period had expired. Petitioner's state applications did not operate to toll the limitations period, because they were filed after the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims

---

[1] The Court additionally notes, after the enactment of the AEDPA, petitioners were granted a one-year grace period to file applications for habeas corpus relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998). This grace period alleviated any ex post facto concerns. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998).

3

earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

## III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

### V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED this 12th day of September, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE